

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Syrian E. Marbut
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-6644
Re: Construction of Article 666--
44, V.A.P.C., in the absence
of conviction for illegal
transportation.

Your request for an opinion under the above Article
reads in part as follows:

". . . .

"In order that you may understand the situa-
tion more clearly, I state the following facts.
The Liquor Control Board took in possession an
automobile while same was being parked on one of
the public streets of the City of Lubbock, and
in which there was found several cases of whisky.
After checking with the State Highway Department,
they found that said car was registered in the
name of Buell Roberts, but that said title had
been assigned to one, W. D. Tillman. W. D. Till-
man was filed upon in the County Court for ille-
gally transporting whisky in a dry area, Lubbock
County being a dry area; however, W. D. Tillman
has never been arrested and no conviction has been
had thereon.

"No person has claimed said automobile, and
no one is making claim to ownership of same.

"Article 666, Section 44, Penal Code of the
State of Texas provides in substance as follows:

"'That if such an automobile is illegally
transporting illicit beverages, same shall be

seized by a representative of the Liquor Control Board or peace officer, and shall at once proceed against person arrested, and that the Court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this Act, and unless good cause to the contrary be shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to priorities, which are established by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lien or having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor and shall pay the balance of the proceeds to the Board to be allocated as permit fees. All liens against property sold under this Section shall be transferred from the property to the proceeds of its sale.'

"Said section and in the same paragraph further provides:

"'If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper in such city or county, any newspaper having circulation in the county, once a week for two (2) weeks and by handbills posted in three (3) public places near the place of seizure, and if no claimant shall appear within ten (10) days after the publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid to the Board to be allocated as permit fees.'

"My question is this, is the last portion of said section as above quoted based upon the fact that there must be a conviction of some person before the last portion quoted above becomes effective; in other words, may the car be sold under the

last portion above quoted if no person comes forward and claims said car before a conviction is had, or must there first be a conviction of some person before the last portion above quoted is effective?

. . ."

We assume, in considering your question, that you are able to prove that the vehicle involved was actually used for the illegal transportation of liquor. In the absence of Texas decisions construing the Article inquired about insofar as it applied to an unclaimed vehicle where there is no arrest and conviction of the driver, we are put to the necessity of construing it ourselves. Your attention is directed to 27 U. S. C. A., Section 40, (Oct 28, 1919, c. 85, Title II, Sec. 26, 41 Stat. 315). Though this Federal Act was repealed in 1935 it is the basis of Article 666-44 of our Texas Liquor Control Act. The Texas law not only borrowed heavily from this section of the Federal Act but for the most part adopted its language verbatim. That portion of our statute upon which your question is founded follows the Federal Act word for word in all material respects. While the Federal cases are not in harmony on the matter, the late case of U. S. v. Southern Agency Co. (C.C.A. Tenth Circuit), July 1933, 66 F (2d) 336 had before it a situation where a car was pursued by revenue agents and abandoned without arrest of the driver or knowledge of his identity. The car was found to contain illicit liquor and the court recognized the right of forfeiture in the government under Sec. 26 of the National Prohibition Act (counterpart of our state provision) in this language: "We are of the opinion that conviction is only a condition precedent to forfeiture where some one is found in charge of the vehicle, and that where no one is found claiming the vehicle and consequently no arrest is possible, the procedure for forfeiture is governed by the provisions of part 4 of Sec. 26, supra . . . ." Part 4 of Sec. 26, referred to by the court is that portion of the Federal Act providing for notice by publication where no one is found claiming the vehicle and is in the same language used by the Texas Act upon which your inquiry is based.

In the light of our liquor act which enjoins a liberal interpretation to effectuate its purposes we are unwilling to approve of a rule that would require a seizure of a vehicle being

used for the unlawful transportation of illicit liquor and at the same time refuse our courts and officers the necessary authority to make lawful forfeiture or disposition thereof. It is therefore our opinion that our courts would follow U. S. v. Southern Agency Co., supra, in holding that a conviction is not essential where no arrest was possible.

You are no doubt familiar with the decision in State v. Compton, (Sup.) 179 S. W. (2d) 501, wherein it is held that at least when third party claimants are involved, an action to determine the right of the State to sell an automobile is a "forfeiture suit" and must be brought in the district court. Judge Hickman points out in that case, that, "The provisions with reference to the procedure to be followed are very meager, but they are sufficiently specific to authorize the seizure of a vehicle unlawfully used, as was the automobile involved in this case, in the transportation of whiskey. The Act contemplates that an action to determine the right of the State to sell such vehicle when a third person claims to be the owner thereof and claims that same was used without his knowledge or consent, might be brought in some court other than the one in which the criminal charge is pending. . . ."

Under the above authorities it is our opinion that a suit should be brought in the name of the State of Texas against W. D. Tillman whom you state is the record owner of the car and against all other parties who may own or claim any interest in the car, to forfeit said car to the State. The District Court can then enter such judgment as the facts and law justify.

It is our hope that our views expressed here will assist you with this difficult problem.

Maranda. No. 30, 1944

(Sgd) Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

JA:zd

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                          (Sgd)
                      Eugene Alvis
                      Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE